# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| IN RE: | |
| RICHLAND RESOURCES CORPORATION D/B/A RICHLAND INTERNATIONAL RESOURCES CORPORATION | CASE NO. 13-42921 CHAPTER 7 |
| DEBTOR | |
| LINDA S. PAYNE, CHAPTER 7 TRUSTEE | |
| PLAINTIFF | ADV. PROCEEDING NO. |
| V. | |
| PETRO CAPITAL ADVISORS, LLC | |
| DEFENDANT. | |

## COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS

LINDA S. PAYNE, the duly appointed and acting Chapter 7 Trustee ("Trustee" or "Plaintiff") for the bankruptcy estate of Richland Resources Corporation d/b/a Richland International Resources Corporation, files this Complaint to Avoid and Recover Fraudulent Transfers, and in support thereof would respectfully show the Court as follows:

## I. PARTIES

1.     Plaintiff, LINDA S. PAYNE, is the Chapter 7 Trustee for Richland Resources Corporation d/b/a Richland International Resources Corporation ("Richland" or "Debtor") and in that capacity has standing to assert the claims made herein pursuant to 11 U.S.C. § 323.

2.     Defendant PETRO CAPITAL ADVISORS, LLC ("Defendant") is a Texas limited liability company having its principal place of business at 3838 Oak Lawn Ave., Suite 1775, Dallas, TX  75219.    Defendant may be served by mailing a copy of this complaint and the summons to its registered agent Newton C. Rosser, 3838 Oak Lawn Ave., Suite 1775, Dallas,

TX 75219-4537.

## II. Jurisdiction

3.     This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157, 1331 and 1334, and Rule 7001 of the Federal Rules of Bankruptcy Procedure and the Order of Reference for the United States District Court for the Eastern District of Texas.  This proceeding constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (H) and (O).  This action is brought pursuant to 11 U.S.C. §§ 548 and 550.

4.     Venue is proper in this court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. Factual Background

5.     On December 9, 2013 (the "Petition Date"), Richland Resources Corporation d/b/a Richland International Resources Corporation filed a voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing the above-referenced bankruptcy case (the "Case").

6.     By order entered on March 7, 2014, the Case was converted to a case under Chapter 7 of the Bankruptcy Code.  Thereafter, the Office of the United States Trustee appointed the LINDA S. PAYNE as the interim chapter 7 Trustee for the Debtor's bankruptcy estate pursuant to Section 701 of the Bankruptcy Code, and thereafter became the permanent trustee in accordance with Section 702(d) of the Bankruptcy Code.

7.     The Debtor is a corporation incorporated under the laws in the State of Delaware. Richland developed a mineral lease and operated a well in Howard County, Texas (the "Lease Interests").  Due to Richland's failure to pay costs associated with the Well's operation, various suits were filed by creditors in the District Court of Howard County, Texas, and liens filed in relation to the Well. In that consolidated suit styled *FTS International Services, LLC f/k/a Frac*

*Tech Services, LLC v. Richland Resources et al*, in the 118th Judicial District Court of Howard County, Texas.  In this action the state court appointed Circle H Oil Company with limited powers related to the Lease.  Thereafter, Richland reached an agreement to, and did, assign the Lease Interests in August 2012, in settlement of vendor claims.

8.      On June 12, 2013, the Debtor along with various affiliates were named as defendants in a suit styled Steadfast styled *Steadfast Resources, LLC v. Kenneth A. Goggans et al.*, Cause No. DC-13-06467 (the "State Action") filed in the 193rd Judicial District Court of Dallas County, Texas (the "State Court").

9.      On September 23, 2013, the State Court considered a request by Steadfast for a temporary injunction.  At this hearing the State Court *sua sponte* determined that a receiver over the Debtor should be appointed.  On September 26, 2013, the State Court signed an Order Appointing Receiver appointing Albert Black, III over the Debtor.

10.      Upon information and belief, the Debtor transferred $14,000.00 (the "Funds") to Defendant within the two years prior to the Petition Date, on or about the dates and in the amounts as follows (collectively, hereinafter referred to as the, "Transfers"):

| DATE | AMOUNT |
|---|---|
| 02/25/2013 | $10,000.00 |
| 02/26/2013 | $4,000.00 |

11.      The Transfers were made at a time when the Debtor was insolvent and was unable to pay its debts as they became due.  At the time of the Transfers the sum of Debtor's debts was greater than all of the Debtor's property at a fair valuation.

12.      Defendant was the recipient of the Funds.  However, Defendant did not provide any services, goods or products to the Debtor in exchange for the Transfers.  The Debtor

received no value from Defendant in exchange for the Funds.

## IV. CAUSES OF ACTION

### COUNT 1 – AVOIDANCE AS FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 548(a)

13.     Plaintiff incorporates and re-alleges the factual allegations contained in paragraphs 1 through 12 by reference for all purposes.

14.     Debtor transferred the Funds to Defendant.

15.     At the time Debtor made the Transfers of the Funds to Defendant, Debtor received less than reasonably equivalent value in exchange for such Transfers.

16.     At the time of the Transfers the Debtor was (i) was insolvent, (ii) engaged in a business or a transaction, or was absent to engage in a business or a transaction, for which Debtor's remaining assets or property was unreasonably small capital, or (iii) intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as such debts matured.

17.     As a consequence, Plaintiff is entitled to judgment against Defendant avoiding the Transfers pursuant to 11 U.S.C. §548(a).

### COUNT 2 – RECOVERY OF TRANSFERS PURSUANT TO 11 U.S.C. § 550(a)

18.     Plaintiff incorporates and re-alleges the factual allegations contained in paragraphs 1 through 17 by reference for all purposes.

19.     The Transfers are avoidable pursuant to 11 U.S.C. § 548.

20.     Defendant is the initial transferee of the Transfers it received or, alternatively, is the person for whose benefit such Transfers were made.

21.     Recovery of the Transfers or the value of said Transfers from Defendant will benefit the creditors of the Debtor's bankruptcy estate.

22.     As a consequence, Plaintiff is entitled to judgment against Defendant in an amount equal to the Funds it received from Debtor at the time of the Transfers, along with interest as of the date of the Transfers, and the costs of this Adversary Proceeding pursuant to 11 U.S.C. § 550(a).

### V. DISALLOWANCE OF CLAIMS ASSERTED BY DEFENDANTS PURSUANT TO SECTION 502(D)

23.     The Trustee incorporates and re-alleges the factual allegations contained in paragraphs 1 through 22.

24.     As set forth above, Defendant is the transferee of the Transfers, which is avoidable and should be avoided pursuant to 11 U.S.C. § 548. Further, Plaintiff is entitled to recover the Funds transferred, or the value thereof, pursuant to 11 U.S.C. § 550(a).

25.     Accordingly, Plaintiff is entitled to the entry of an order disallowing any claim of Defendant pursuant to11 U.S.C.  § 502(d), unless the Defendant pays the amount of the Transfers avoided, or turns over any property as the Court may order, to Plaintiff.

### VI. PRAYER

WHEREFORE, Linda S. Payne, the duly appointed and acting Chapter 7 Trustee for the bankruptcy estate of Richland Resources Corporation d/b/a Richland International Resources Corporation, prays that this Court enter judgment in his favor against:

1. Defendant for the avoidance of the Transfers and recovery of the Funds pursuant to 11 U.S.C. §§ 548(a) and 550(a) as requested herein;

2. That the pre-petition claim of Defendant be disallowed pursuant to 11 USC § 502(d) if the amount due is not repaid and

3. For such other and further relief to which Plaintiff is justly entitled.

Respectfully submitted,

/s/ Mark A. Weisbart
Mark A. Weisbart
Texas Bar No. 21102650
THE LAW OFFICE OF MARK A. WEISBART
12770 Coit Road, Suite 541
Dallas, Texas 75251
(972) 628-4903 Phone
(972) 628-4905 Fax
weisbartm@earthlink.net

ATTORNEYS FOR CHAPTER 7 TRUSTEE

**B104 (FORM 104) (08/07)**

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand  $ |

Other Relief Sought

**B104 (FORM 104) (08/07), Page 2**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR | BANKRUPTCY CASE NO. | |
| DISTRICT IN WHICH CASE IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet. When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.